UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVONTE ROSS,

        Plaintiff,

v.

Case Number 23-11785
Hon. David M. Lawson

HEIDI WASHINGTON, MDOC,
HEALTH PLAN, A. LANEY,
JOHN DOE, AND JANE DOE,

        Defendants.
_____/

**OPINION AND ORDER PARTIALLY DISMISSING CASE
AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT**

Plaintiff Devonte Ross, currently incarcerated at the Parnall Correctional Facility, filed a complaint alleging that he received inadequate dental care while he was a prisoner at the Michigan Department of Corrections' (MDOC) St. Louis Correctional Facility. Ross contends that he suffered from a serious dental condition that led to a mandibulectomy and a bone graft. He asks for damages for the poor medical care that led to the surgery and for inadequate post-operative care. The Court has granted Ross's application to proceed without prepayment of the filing fee for this action. The case was referred to Magistrate Judge Altman for participation in the *pro se* prisoner early mediation program. On February 6, 2024, Judge Altman reported that mediation had been unsuccessful and lifted the associated stay of proceedings in the case. ECF No. 13. She directed the U.S. Marshal to facilitate service on the defendants. *Ibid.*

Although service is proceeding, the Court remains obligated under the Prison Litigation Reform Act of 1996 (PLRA) to screen prisoner complaints for merit and dismiss the claims found wanting. After screening, it appears that the complaint does not state viable claims against

defendants Heidi Washington, MDOC, Health Plan, or A. Laney, and it will be dismissed as to them. However, Ross states a plausible Eighth Amendment claim against the John and Jane Doe defendants, who he alleges were directly responsible for his medical care. But before this action may proceed, Ross must identify those defendants by name to allow for service. Ross will be given 60 days to file an amended complaint that identifies them.

I.

As best as the Court can ascertain from the terse complaint and attached medical records, in September 2019 Ross was seen by a dentist at the St. Louis Correctional Facility. He complained of tooth pain and a lump in his jaw. ECF No. 1, PageID.66. His condition required specialty care, so Ross was referred off site. In January 2020, Ross was examined at University of Michigan Hospital. He was found to have an ameloblastoma, which is a benign tumor in his jaw. Surgeons performed a mandibulectomy, and Ross's jaw was repaired with bone graft taken from his thigh. Ross was seen again at the hospital in February 2020 for the removal of surgical screws. *Id.* at PageID.61-79.

Ross alleges that prison medical providers failed to treat an open wound in his mouth that became infected. *Id.* at PageID.8. It is not clear whether Ross asserts that this occurred before or after the surgery. Either way, Ross contends that the lack of care by prison medical providers resulted in infection, nerve damage, disfigurement, an inability to use his left jaw and lip, and associated pain and suffering. *Id.* at PageID.8-9.

Ross alleges that defendant MDOC Director Heidi Washington, defendant Warden A. Laney, and the MDOC are liable because they failed adequately to supervise and oversee the provision of his medical care. *Id.* at PageID.6. He also asserts that defendant "Health Plan" — by

which he may be referring to his individual medical or dental providers, *see id.* at PageID.1, 3 — failed to care for him properly prior to and after his procedure.

II.

When, as here, a plaintiff has asked the Court to waive fees and costs because he cannot afford to pay them, the Court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, Congress mandated in the Prison Litigation Reform Act (PLRA) that the Court screen for colorable merit every prisoner complaint filed against a state or governmental entity. 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). Dismissal on the Court's initiative is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

Although a complaint filed by an unrepresented party must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by unrepresented filers if they "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii);

*McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this pleading standard does not require "detailed" factual allegations, *ibid.*, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ibid*. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ibid*. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ibid*.

Ross bases his claims on 42 U.S.C. § 1983, which provides a vehicle for individuals to seek redress in court for violations of rights secured by the Constitution and laws of the United States. To state a claim under that section, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)) (holding that

the "complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights.").

A.

Ross's complaint fails to state a claim against defendants Washington, MDOC, Health Plan, and Laney.

With respect to defendants MDOC and "Health Plan" (to the extent Ross is referring to the MDOC's medical department), Ross has not stated a plausible claim because the Eleventh Amendment bars suits against a state and its departments unless the state has consented to suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The MDOC is a department of the State of Michigan, and therefore enjoys Eleventh Amendment immunity. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983," *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). Moreover, "Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens.'" *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp.*, 987 F.2d at 381). Therefore, Ross's lawsuit cannot proceed against the MDOC or its medical department.

B.

The individual defendants, sued in their individual capacities, do not enjoy Eleventh Amendment immunity. Ross asserts that the individually named defendants denied him proper

dental or medical care before and after his surgery. A constitutional claim for the deprivation of adequate medical care "has two components, one objective and one subjective." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). The objective component requires a plaintiff to show the existence of a "sufficiently serious" medical need. *Dominguez*, 555 F.3d at 550 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

To establish a serious need for medical care, "*Farmer* requires only that 'the inmate show that he is incarcerated under conditions posing a substantial risk of serious harm[,]' so as to avoid 'the unnecessary and wanton infliction of pain.'" *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 896 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 834). A serious medical need may be demonstrated by a physician's diagnosis mandating treatment or a condition that "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 897 (citations omitted).

Establishing the second, subjective, component "requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" *Dominguez*, 555 F.3d at 550 (quoting *Comstock*, 273 F.3d at 703). Deliberate indifference requires "more than negligence or the misdiagnosis of an ailment." *Comstock*, 273 F.3d at 703 (citations omitted). Courts evaluating such a claim "distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

The complaint identifies by name two individual defendants who Ross asserts were ultimately responsible for his inadequate treatment: MDOC Director Washington and Warden Laney. The complaint, however, does not state facts that demonstrate the personal involvement of either of these individuals in Ross's dental care. That is a problem for Ross because a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under section 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978) (holding that claims under 42 U.S.C. § 1983 cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995) (holding that the plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).

Ross makes no specific allegations against these two defendants in his complaint. He merely asserts that they failed properly to oversee the provision of dental care and failed adequately to supervise those caring for him. Any assertion that Washington or Laney failed to supervise an employee, should be vicariously liable for an employee's conduct, erred in denying grievances, or did not respond sufficiently to his medical situation is insufficient to state a claim. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).

Ross also has not alleged facts to show that any injury he suffered is the result of any policy or regulation, or that any improper conduct arose from the deliberate failure adequately to investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth a three-part test for such claims). Ross's complaint fails to state a claim against defendants Washington and Laney.

C.

Ross's complaint also lists John Doe and Jane Doe as defendants in the caption, and in the body of the complaint he identifies defendant "Health Plan" as "medical providers." ECF No. 1, PageID.1, 3. The complaint might be construed liberally, therefore, as attempting to sue individual medical or dental providers at his former facility. The complaint alleges that the medical care he received from providers at the St. Louis facility was performed with deliberate indifference to his serious medical condition. That claim is worth developing further, but the case may not proceed without Ross identifying at least one such individual against whom he states a claim.

Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. The use of placeholders is permitted only in limited circumstances, and only in the context where there is at least one named party and discovery from that party may eventually allow the true identity of the other persons to be discovered. *See, e.g., Berndt v. Tennessee*, 796 F.2d 879, 882-84 (6th Cir. 1986) (remanding to allow plaintiff to amend complaint to name the parties); *Odum v. Knox Cnty.*, 902 F.2d 34, 1990 WL 57241, at *1 (6th Cir. 1990) (holding that the complaint contained sufficient facts for the named defendants to discover the correct defendant with minimal investigation). Ross has in his possession at least some of the medical and dental records from the St. Louis facility. It should be possible for him to identify at least one of the individuals he claims was responsible for his care but acted with deliberate indifference.

Ross will be permitted to amend his complaint within sixty days to provide the name of at least one such defendant. Otherwise, he may face dismissal of his action without prejudice. *See Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (remanding to allow the plaintiff an

opportunity to identify and name an officer as defendant but noting that a dismissal was not precluded if the information was insufficient to allow for service of process on the defendant).

III.

Ross also filed a motion for appointment of counsel to represent him in this matter. He explains that he lacks education beyond the seventh grade, although he currently is enrolled in a GED class, and that he lacks the resources to obtain legal assistance on his own. ECF No. 7. The Court will address the motion when and if Ross files an amended complaint that survives PLRA screening.

IV.

Ross's complaint does not state viable claims against defendants Heidi Washington, MDOC, Health Plan, or A. Laney. He may have a viable claim against his medical providers, but he must identify them by name.

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** as to defendants Heidi Washington, MDOC, Health Plan, or A. Laney, **only**.

It is further **ORDERED** that **on or before April 8, 2024**, Ross must file an amended complaint that identifies at least one of the "John Doe" defendants by name.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date: February 8, 2024