UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEVONTE ROSS,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS ANDERSON, *et al.*,<br><br>Defendants. | Case No. 23-cv-11785<br>Honorable David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DIRECTING PLAINTIFF TO IDENTIFY UNNAMED DEFENDANT BY MAY 30, 2025, IN ORDER FOR SERVICE TO BE EFFECTUATED**

Plaintiff Devonte Ross, a prisoner proceeding pro se, brings this action under 42 U.S.C. § 1983, against Thomas Anderson and Jane Doe. ECF No. 21.[1] He is proceeding in forma pauperis. ECF No. 6. Thus, the Court directed the United States Marshal Service to effect service on Anderson. ECF No. 23; ECF No. 26.

Anderson was served on April 11, 2025. ECF No. 28. But Jane Doe was not served. It is Ross's duty to properly identify the unnamed defendant. *Spencer v. Bynum*, No. 13-13056, 2013 WL 4041870, at *2

---

[1] The Honorable David M. Lawson referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 25.

(E.D. Mich. Aug. 8, 2013) ("Where a plaintiff is proceeding in forma pauperis, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants *once the plaintiff has properly identified the defendants in the complaint*."(cleaned up)).

Ross's complaint lists one defendant who is not identified by name: "prison medical provider Jane Doe," who worked at St. Louis Correctional Facility.  ECF No. 21, PageID.150-151.  Thus, the Court **ORDERS** Ross to properly identify Jane Doe and provide her address by May 30, 2025, so that service may be effectuated.  Failure to do so may result in Jane Doe being dismissed from this suit for failure to timely serve under Fed. R. Civ. P. 4(m) or for failure to prosecute under Fed. R. Civ. P. 41(b).  *See Daniels v. Corr. Med. Servs., Inc.*, 380 F. Supp. 2d 379, 384 (D. Del. 2005), *aff'd sub nom. Daniels v. Corr. Med. Serv.*, 174 F. App'x 655 (3rd Cir. 2006).

Although the time limit for service under Rule 4(m) will have passed by May 30, 2025, the Court finds that an extension of time until at least July 30, 2025 is warranted based on the underlying circumstances.  The Court will reassess this matter at that time, if necessary.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: May 19, 2025

## **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 19, 2025.

                                                      s/Marlena Williams
                                                     MARLENA WILLIAMS
                                                     Case Manager