UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVONTE ROSS,

Plaintiff,

v.

THOMAS ANDERSON, *et al.*,

Defendants.

Case No. 23-11785
Honorable David M. Lawson
Magistrate Judge Elizabeth A. Stafford

## REPORT AND RECOMMENDATION TO *SUA SPONTE* DISMISS "JANE DOE" DEFENDANT

### A.

Plaintiff Devonte Ross, a prisoner proceeding pro se, brings this action under 42 U.S.C. § 1983, against Thomas Anderson and Jane Doe. ECF No. 21.[1]  The Jane Doe defendant not identified by name is "prison medical provider Jane Doe," who worked at St. Louis Correctional Facility. *Id.*, PageID.150-151.

Because Ross is proceeding in forma pauperis, the Court directed the United States Marshals Service (USMS) to effect service on Anderson under 28 U.S.C. § 1915(d).  ECF No. 23.  The Court later ordered the

---

[1] The Honorable David M. Lawson referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 25.

USMS to use reasonable efforts to locate and serve Anderson.  ECF No.

26.  While a certificate of service was returned for Anderson, the Jane Doe

defendant was not served.  ECF No. 28.  The Court thus ordered "Ross to

properly identify Jane Doe and provide her address by May 30, 2025, so

that service may be effectuated," noting that it is his duty to identify the

unnamed defendants.  ECF No. 30, PageID.179-180; *see Spencer v.

Bynum*, No. 13-13056, 2013 WL 4041870, at *2 (E.D. Mich. Aug. 8, 2013)

("Where a plaintiff is proceeding *in forma pauperis*, the district court must

bear the responsibility for issuing the plaintiff's process to a United States

Marshal's Office, who must effect service upon the defendants *once the*

*plaintiff has properly identified the defendants in the complaint*.") (cleaned

up)).  The Court also warned Ross that "[f]ailure to do so may result in Jane

Doe being dismissed from this suit for failure to timely serve under Fed. R.

Civ. P. 4(m) or for failure to prosecute under Fed. R. Civ. P. 41(b)."  *Id.*

    Ross did not respond to the order, has not identified Jane Doe, and

has not moved for discovery to identify her.

## B.

     If a plaintiff fails to prosecute an action, it can be dismissed either

under the Court's inherent power to control its docket or involuntarily under

Federal Rule of Civil Procedure 41(b).  *Link v. Wabash R. Co.*, 370 U.S.

2

626, 629-32 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").  The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).  And this Court's local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing the case unless good cause is shown."  E.D. Mich. LR 41.2 (cleaned up).  Dismissal for want of prosecution is ordinarily with prejudice.  Rule 41(b); *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."  *Knoll*, 176

F.3d at 363.  Although Ross is proceeding pro se, and thus is held to less
stringent standards, the leniency granted is not boundless.  *Martin v.
Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  "Pro se litigants are not to be
accorded any special consideration when they fail to adhere to readily-
comprehended court deadlines."  *Bunting v. Hansen*, No. 05-10116-BC,
2007 WL 1582236, at *2 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*,
951 F.2d 108, 110 (6th Cir. 1991)) (cleaned up).

Analysis of the *Knoll* factors supports dismissal of the claims against
Jane Doe.  For the first factor, Ross is at fault because he failed to respond
to the Court's order to identify Jane Doe.  His failure to respond was either
was done in bad faith or is "willful and with fault."  *See Morley v. Comm'r of
Soc. Sec.*, No. 12-14653, 2013 WL 2051326, *1 (E.D. Mich. May 14, 2013).

Although there is no evidence that Jane Doe was prejudiced by
Ross's inaction since she has not appeared, the third and fourth factors
weigh heavily in favor of dismissal.  The Court warned Ross that his failure
to respond to the show cause order could result in dismissal of the action.
ECF No. 30.  And given Ross's "failure to identify the Doe defendant[] as
ordered, the undersigned sees no utility in considering or imposing lesser
sanctions."  *Burba v. Ludwick*, No. 09-11961, 2010 WL 5559407, at *2

4

(E.D. Mich. Nov. 30, 2010), *adopted*, 2011 WL 65664 (E.D. Mich. Jan. 10, 2011).

Thus, the Court **RECOMMENDS** that the claims against Jane Doe be **DISMISSED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 18, 2025

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the

objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 18, 2025.

<u>s/Davon Allen</u>
DAVON ALLEN
Case Manager

6