UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVONTE ROSS,

    Plaintiff,

v.

THOMAS ANDERSON, *et al.*,

    Defendants.

Case No. 23-cv-11785
Honorable David M. Lawson
Magistrate Judge Elizabeth A. Stafford

## ORDER TO MOVE FOR DEFAULT JUDGMENT

Plaintiff Devonte Ross, a prisoner proceeding pro se, brings this action under 42 U.S.C. § 1983, against Thomas Anderson. ECF No. 21. The Honorable David M. Lawson referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 25.

Although Anderson was served in April 2025 and the Court ordered him to respond, he has not answered or otherwise responded to the complaint. ECF No. 28; ECF No. 29. In July 2025, Ross obtained a Clerk's entry of default against Anderson. ECF No. 36; ECF No. 37. By **September 8, 2025**, Ross must move for default judgment against Anderson under Federal Rule of Civil Procedure 55(b)(2).

When a defendant is in default, the factual allegations in the complaint are taken as true except for those relating to damages.  *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006).  Courts must still determine whether those factual allegations "are sufficient to support a finding of liability as to each defendant."  *Id.* (cleaned up); *Firestone Fin., LLC v. H & N Express, LLC*, No. 2:24-cv-12686, 2025 WL 2052995, at *1 (E.D. Mich. July 22, 2025) ("[C]ourts must determine whether the plaintiff's well-pleaded factual allegations 'are sufficient to state a claim for relief.'").  Courts must also consider:

> 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits.

*Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).

Ross's motion must thus address whether his factual allegations support Anderson's liability and the factors listed above.  Ross must also offer evidence proving the amount of damages caused by Anderson's alleged conduct.  *See Juana's Packing Co. v. Fed. Bakers USA*, No. 1:09-cv-301, 2010 WL 310765, at *1 (W.D. Mich. Jan. 21, 2010) ("An evidentiary hearing is unnecessary if sufficient evidence is submitted to support the request for damages or if the amount claimed is one capable of

ascertainment from definite figures in the documentary evidence or affidavits." (cleaned up)).  Failure to move for default judgment may result in a recommendation to dismiss the action for failure to prosecute under Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 6, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

3

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 6, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager
