UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEVONTE ROSS, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS ANDERSON, <br><br> Defendant. | Case No. 23-cv-11785 <br> Honorable David M. Lawson <br> Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT
ANDERSON'S MOTION TO SET ASIDE ENTRY OF DEFAULT, DENY
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, SUA SPONTE
DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE, AND DENY
AS MOOT ANDERSON'S MOTION TO DISMISS
(ECF NOS. 39, 47, 48)**

## I.    Introduction

Plaintiff Devonte Ross, a prisoner proceeding pro se, brings this action under 42 U.S.C. § 1983, against Thomas Anderson, DDS.  ECF No. 21.  He alleges that Anderson, a dentist, failed to provide adequate medical care in 2017 for an open wound in his jaw, in violation of the Eighth and Fourteenth Amendments.  *Id.*, PageID.148, 150.  The Honorable David M. Lawson referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 25.

After Ross amended his complaint to name Anderson as a defendant, the United States Marshals Service (USMS) certified that Anderson was personally served in April 2025.  ECF No. 28.  The Court ordered Anderson to respond to the complaint, but he did not do so.  ECF No. 29.  Ross obtained a Clerk's entry of default against Anderson in July 2025 and moved for default judgment a month later.  ECF No. 37; ECF No. 39.

In September 2025, Anderson appeared through counsel, and the Court granted his motion for more time to respond to Ross's motion for default judgment.  ECF No. 40; ECF No. 41; ECF No. 43.  Anderson moves to set aside the entry of default and to dismiss the action.  ECF No. 47; ECF No. 48.  He correctly argues in the motion to dismiss that the complaint concerns treatment he rendered to Ross in 2017, well past the three-year statute of limitations.  ECF No. 48, PageID.260-263 (citing *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009); *Lewis v. Fayette Cnty. Det. Ctr.*, 211 F.3d 1269 (Table) (6th Cir. 2000)).  The Court ordered Ross to respond to Anderson's motions.  ECF No. 50; ECF No. 51.  When he did not respond by the deadlines, the Court ordered him to show cause why the claims against Anderson should not be dismissed for the reasons described in the motion or for failure to prosecute.  ECF No. 53.  Ross still

2

has not responded to either motion.  An MDOC offender search database reveals that Ross was paroled on December 30, 2025.[1]

After Ross filed his complaint in July 2023, he was notified that his "failure to promptly notify the court of a change in address or other contact information may result in the **dismissal** of your case."  ECF No. 5 (emphasis in original).  Violating that order, Ross has abandoned his case without notifying the Court of his new address, so his amended complaint should be dismissed.

The Court **RECOMMENDS** that Anderson's motion to set aside the entry of default be **GRANTED**, Ross's motion for default judgment be **DENIED**, the complaint be sua sponte **DISMISSED WITH PREJUDICE** for failure to prosecute, and Anderson's motion for summary judgment be **DENIED** as moot.

## II.    Analysis

### A.

When "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a) (cleaned up).  After default is entered, the district court may, in its discretion, enter default judgment under Federal Rule of Civil Procedure 55(b)(2).  *State Farm Bank, F.S.B. v.*

*Sloan*, No. 11-cv-10385, 2011 WL 2144227, at *2 (E.D. Mich. May 31, 2011); *In re Loeb*, No. 06-CV-13743-DT, 2006 WL 3104598, at *2 (E.D. Mich. Oct. 31, 2006).

But courts must first consider whether the defaulted defendant was properly served.  *Adams v. Sunlighten Inc.*, 328 F.R.D. 477, 481 (W.D. Mich. 2018) (citing *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355 (6th Cir. 2003)).  If service was improper, the clerk's entry of default must be set aside.  *Id.*  District courts also have discretion to set aside an entry of default on a showing of good cause.  Fed. R. Civ. P. 55(c).  To determine whether good cause exists, courts consider "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced."  *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (cleaned up).  Courts are "extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps," and enjoy "considerable latitude" to set aside a default.  *Id.* at 322 (cleaned up); *see also Kuhnmuench v. LivaNova PLC*, 323 F.R.D. 563, 566 (E.D. Mich. 2017).

Rule 4(e)(2) permits serving an individual by:

(A)  delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4(e)(1) also permits a plaintiff to serve an individual by following state law in the state where the action is pending or where service is made.

Michigan permits service on individuals by:

(1)  delivering a summons and a copy of the complaint to the defendant personally; or

(2)  sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee.  Service is made when the defendant acknowledges receipt of the mail.  A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A).

The USMS stated that "Thomas Anderson" was personally served at an address in Vestaburg, Michigan, when an agent handed him the summons and amended complaint.  ECF No. 28.  But Thomas R. Anderson, DDS, the defendant in this action, states that he never lived at the Vestaburg address and never received any documentation from the USMS.  ECF No. 47-1.  Instead, the USMS served Thomas Lyle Anderson, Jr., a different individual with a similar name.  ECF No. 47, PageID.244. Because the wrong party was served, service was improper under Rule

4(e), and the entry of default must be set aside.  *See White v. Mortg. Elec. Regis. Sys., Inc.*, No. 05-CV-40018, 2006 WL 8448590, at *1 (E.D. Mich. Mar. 20, 2006).

Setting aside the entry of default is also justified under the good cause standard.  Anderson was not culpable for failing to respond to the complaint, as he had not received notice of the lawsuit.  *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986) (finding no culpable conduct where the defendant exhibited no "intent to thwart judicial proceedings" and no "pattern of disregard for court orders or rules").  Anderson has a meritorious defense under the statute of limitations, as advanced in his motion to dismiss.  ECF No. 48.  And Ross has not responded to Anderson's motions identifying any prejudice he experienced because of the delayed appearance.

Thus, Anderson's motion to set aside the entry of default should be granted, and Ross's motion for default judgment should be denied.

**B.**

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Rule 41(b).  *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice

6

because of his failure to prosecute cannot seriously be doubted.").  The

authority to dismiss a plaintiff's case for failure to prosecute is available to

the district court "as a tool to effect management of its docket and

avoidance of unnecessary burdens on the tax-supported courts and

opposing parties."  *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731,

736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir.

1999)).  And this Court's local rules provide that when "the parties have

taken no action for a reasonable time, the court may, on its own motion

after reasonable notice or an application of a party, enter an order

dismissing the case unless good cause is shown."  E.D. Mich. LR 41.2

(cleaned up).  Dismissal for want of prosecution is ordinarily with prejudice.

Rule 41(b); *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance

when deciding whether a case should be dismissed for failure to prosecute

under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad

faith, or fault; (2) whether the adversary was prejudiced by the dismissed

party's conduct; (3) whether the dismissed party was warned that failure to

cooperate could lead to dismissal; and (4) whether less drastic sanctions

were imposed or considered before dismissal was ordered."  *Knoll*, 176

F.3d at 363.  Although Ross is proceeding pro se, and thus is held to less

7

stringent standards, the leniency granted is not boundless. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). "Pro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Bunting v. Hansen*, No. 05-10116-BC, 2007 WL 1582236, at *2 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)) (cleaned up).

Analysis of the *Knoll* factors supports dismissal. For the first factor, Ross failed to Anderson's motions despite being ordered to do so, and he failed to provide the Court with his current address, all of which shows willfulness or fault on Ross's part. After invoking the processes of this Court, he had an affirmative duty to apprise the Court of his mailing address and to monitor the docket. *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012). His violation of that duty supports a dismissal for failure to prosecute. *Id.*

Although there is no evidence that Anderson was prejudiced by Ross's inaction, the third and fourth factors weigh heavily in favor of dismissal. Ross was warned that he faced dismissal if he failed to notify the Court of a change of address and failed to respond to the show cause. ECF No. 5; ECF No. 53.ECF No. 53. And "dismissal is the only appropriate remedy because [Ross] has effectively abandoned the case."

*Gomez v. Deangelo*, No. 18-14080, 2020 WL 7038612, at *2 (E.D. Mich.

Apr. 2, 2020), *adopted*, 2020 WL 7024862 (E.D. Mich. Nov. 30, 2020)

(cleaned up).

### III.    Conclusion

The Court thus **RECOMMENDS** that Anderson's motion to set aside

the entry of default be **GRANTED** (ECF No. 47), Ross's motion for default

judgment be **DENIED** (ECF No. 39), the complaint be sua sponte

**DISMISSED WITH PREJUDICE** for failure to prosecute, and Anderson's

motion for summary judgment be **DENIED** as moot (ECF No. 48).


<u>s/Elizabeth A. Stafford</u>
ELIZABETH A. STAFFORD
United States Magistrate Judge


Dated: January 21, 2026


### <u>NOTICE TO THE PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this report and recommendation,

any party may serve and file specific written objections to this Court's

findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(2).  If a party fails to timely file specific objections, any further appeal

is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And

only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 21, 2026.

s/Davon Allen
DAVON ALLEN
Case Manager